726 So.2d 1006 (1999)
Harold DRAGON, et al.
v.
COOPER/T. SMITH STEVEDORING COMPANY, INC.
No. 98-CA-1375
Court of Appeal of Louisiana, Fourth Circuit.
January 6, 1999.
*1007 Stephen B. Murray, Stephen B. Murray, Jr., Murray Law Firm, New Orleans, Louisiana and Thomas Discon, John G. Discon, Mandeville, Louisiana, Attorneys for Plaintiffs-appellants Harold Dragon, et al.
J. Michael Johnson, Larry G. Canada, Roger D. Allen, Galloway, Johnson, Tompkins & Burr, New Orleans, Louisiana, Attorneys for Defendant-appellee Cooper/T. Smith Stevedoring Co., Inc.
Court composed of Judge ROBERT J. KLEES, Judge WILLIAM H. BYRNES III, and Judge STEVEN R. PLOTKIN.
KLEES, Judge.
This is an appeal from a judgment of the trial court granting defendant's exception of no cause of action. The sole issue presented for our review is whether Jones Act seamen who were occupationally exposed to asbestos during their employment may maintain an action for fear of asbestos-related diseases and medical monitoring costs absent physical manifestation of disease.

Facts and Procedural History
Plaintiffs initiated this class action on January 9, 1997 on behalf of themselves and a class of persons who were employed as seamen by or assigned to a vessel or a fleet of vessels owned and operated by Cooper/T. Smith Stevedoring, Inc. In their petition, plaintiffs alleged that they were exposed to asbestos fibers from boiler and piping insulation of the steam cranes on the vessels. Plaintiffs asserted claims in state court under the Jones Act and the general maritime law pursuant to the savings to suitors clause, or alternatively under Louisiana tort law.
In response to plaintiffs' petition, defendant filed Exceptions of Vagueness and Improper Cumulation and a Motion to Strike Class Action. The trial court denied the motion and exceptions, and defendant subsequently filed an answer denying the allegations of plaintiffs' petition. On March 17, 1997, defendant filed an Exception of No Cause of Action on the basis that plaintiffs failed to set forth any facts that they suffered any asbestos-related injury or disease. In support of the exception, defendant relied on the United Stated Supreme Court decision in Metro-North Commuter Railroad v. Buckley, 521 U.S. 424, 117 S.Ct. 2113, 138 L.Ed.2d 560 (1997). Following a hearing, the trial court sustained defendant's exception on the basis of the holding in Buckley. Plaintiffs now appeal from this judgment.

Standard of Review
The purpose of an exception of no cause of action is to determine the sufficiency in the law of the petition. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true. City of New Orleans v. Board of Com'rs, 93-0690 (La.7/5/94), 640 So.2d 237, 241. The standard for granting an exception of no cause of action is as follows:
The burden of demonstrating that no cause of action has been stated is upon the mover or exceptor. In deciding the exception of no cause of action, the court must presume all factual allegations of the petition to be true and all reasonable inferences are made in favor of the non-moving party. In reviewing a trial court's ruling sustaining an exception of no cause of action, the court of appeal and the [supreme] court should subject the case to de novo review because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition.
In appraising the sufficiency of the petition we follow the accepted rule that a petition should not be dismissed for failure *1008 to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. The question therefore is whether in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. The petition should not be dismissed merely because plaintiff's allegations do not support the legal theory he intends to proceed on, since the court is under a duty to examine the petition to determine if the allegations provide for relief on any possible theory.
640 So.2d at 253 (citations omitted.)
Thus, in the instant case, this Court is required to make a de novo review of the plaintiffs' petition to determine whether the facts alleged, accepted in the light most favorable to them, and with every doubt resolved in their behalf, are sufficient to support a cause of action against defendant under any legal theory of recovery.

The Petition
Plaintiff, Harold Dragon, alleged in this petition that as a result of his occupational exposure to asbestos, he was diagnosed with mild asbestos-related disease, and he was informed that he was at a significantly increased risk of developing asbestos-related cancers. Harold Dragon alleged that since this diagnosis, he has experienced a reasonable fear of developing cancer himself, and that fear has caused him injury.
The remaining named plaintiffs alleged on behalf of themselves and others similarly situated that they were co-workers of Harold Dragon and were also exposed to asbestos while employed by defendant. Plaintiffs allege that they also have an increased risk of developing cancer based on this exposure and likewise have a fear of developing asbestos-related cancer.
Paragraph 15 of plaintiffs' petition states as follows:
The gravamen of this lawsuit is fear of asbestos-related fatal disease and future medical expenses for the screening and/or monitoring of plaintiffs and others similarly situated for such disease. Not included in this lawsuit are claims for injuries arising from physically manifested asbestosrelated disease, whether existing or manifested currently or at any time in the future.
(Emphasis in the original.)
The relevant inquiry for this Court then is whether the above-cited allegations in plaintiffs' petition are sufficient to state a cause of action against defendant under any legal theory of recovery.
Fear of Asbestos-Related Disease/Emotional Distress
In Metro-North Commuter Railroad Company v. Buckley, supra, the United States Supreme Court squarely addressed the question of whether a railroad worker who had been negligently exposed to asbestos but had no symptoms of any disease can recover under the Federal Employers' Liability Act (FELA) for negligent infliction of emotional distress. Michael Buckley worked as a pipefitter for Metro-North, a railroad, from 1985-1988 during which time he was exposed to asbestos for about one hour per working day. In 1987, he attended an "asbestos awareness" class, and began to fear he would develop cancer as a result of his asbestos exposure. Buckley sued Metro-North under the FELA, a statute that permits a railroad worker to recover for an "injury ... resulting... from" his employer's "negligence." 45 U.S.C. § 51. He sought damages for his emotional distress and to cover the costs of future medical check-ups. Buckley's employer conceded negligence, but it did not concede that Buckley actually suffered emotional distress, and it argued that FELA did not permit a worker who had suffered no physical harm to recover for injuries claimed by plaintiff. The district court held an evidentiary hearing, wherein two expert witnesses testified that Buckley's exposure to asbestos had increased the risk of plaintiff's death due to cancer. Buckley also testified at this hearing regarding his fear of disease based on his asbestos exposure.
Following this hearing, the district court dismissed the action, finding that Buckley did not offer sufficient evidence that he suffered a real emotional injury or that he sustained *1009 "physical impact" so as to place his claim within the ambit of FELA as interpreted by the previous decision of Consolidated Rail Corporation v. Gottshall, 512 U.S. 532, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994). In Gottshall, the Supreme Court held that FELA permitted recovery for damages for negligent infliction of emotional distress to those plaintiffs who sustain a "physical impact" as a result of defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct. Id., at 547-548, 114 S.Ct. at 2406.
Buckley appealed from this decision, and the Second Circuit reversed. 79 F.3d 1337 (1996). The appellate court held that Buckley's contact with asbestos was sufficient to be considered a "physical impact" within the meaning of FELA as interpreted by Gottshall. The Supreme Court granted certiorari and reversed the decision of the appellate court. The Court relied on its previous decision of Gottshall and held that a "physical impact" does not include contact that amounts to nothing more than "an exposure... to a substance that poses some future risk of disease and which contact causes emotional distress only because the worker learns that he may become ill after a substantial period of time." Buckley, 117 S.Ct. at 2118.
In support of its exception, defendant argued that the Buckley decision is directly applicable to the facts of the present case where plaintiffs, with the exception of Harold Dragon, are symptom and disease free. Defendant contends that the holding in Buckley precludes plaintiffs from stating a cause of action for emotional distress. The trial court accepted this argument and sustained defendant's exception.
Plaintiffs contend that the Buckley case is distinguishable from this case because Buckley testified during an evidentiary hearing that neither he nor any of his co-workers had been diagnosed with asbestos disease. In the present case, Harold Dragon, plaintiffs' co-worker, has been diagnosed with asbestos disease, and thus plaintiffs argue their emotional distress is more severe than that of Mr. Buckley.
Plaintiffs also argue that the Court in Buckley stated that courts must look to the common law to determine whether a cause of action for fear of cancer exists under FELA. Plaintiffs argue that Louisiana law provides a cause of action for negligent infliction of emotional distress absent physical impact or injury when the circumstances provide an "especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." Moresi v. State, Through Department of Wildlife and Fisheries, 567 So.2d 1081, 1096 (La.1990).
Plaintiffs assert jurisdiction in this case under the Jones Act and general maritime law. The United States Constitution grants to federal district courts jurisdiction in all "cases of admiralty and maritime jurisdiction." U.S. Const. Art. III, section 2. State courts, however, have concurrent jurisdiction by virtue of the "savings to suitors" clause of the Judiciary Act of 1789. The alleged injury in this case occurred upon a vessel and is within the federal admiralty jurisdiction, but was brought by plaintiffs in state court pursuant to the savings to suitors clause.
State courts exercising maritime jurisdiction are bound to apply substantive federal maritime statutory law and to follow United States Supreme Court maritime jurisprudence. Milstead v. Diamond M Offshore, Inc., 95-2446 (La.7/2/96), 676 So.2d 89, 94. Further, it is well settled that by virtue of the savings clause "a state, `having concurrent jurisdiction, is free to adopt such remedies, and to attach to them such incidents as it sees fit' so long as it does not attempt to make changes in the substantive maritime law." Offshore Logistics v. Tallentire, 477 U.S. 207, 221, 106 S.Ct. 2485, 2494, 91 L.Ed.2d 174 (1986). State law may also be applied as a supplement to federal maritime law when there is no conflict between the two systems of law, and the need for uniformity does not bar a state action. Green v. Industrial Helicopters, Inc., 593 So.2d 634, 637 (La.), cert. denied 506 U.S. 819, 113 S.Ct. 65, 121 L.Ed.2d 32 (1992).
In Daigle v. Coastal Marine, Inc., 488 So.2d 679, 681 (La.1986), the Louisiana Supreme Court stated:

*1010 When congress is silent on a particular question, there is no bar to application of a state statute to its own citizens on the high seas. Skiriotes v. Florida, 313 U.S. 69, 61 S.Ct. 924 [85 L.Ed. 1193 (1941)], reh. den. 313 U.S. 599, 61 S.Ct. 1093 [85 L.Ed. 1552] (1941). Louisiana can extend the protection of LSA-C.C. art. 2315 to its constitutional limits in personal injury action involving Louisiana residents where Louisiana has a strong interest in the transaction and there is no conflict with federal law. (citation omitted).
Accordingly, a Louisiana state court should respect Louisiana law unless there is some federal impediment to application of that law contained in federal legislation or a clearly applicable rule in the general maritime law. Green v. Industrial Helicopters, Inc., 593 So.2d at 638.
In the present case, we find that the Louisiana jurisprudence which permits recovery for negligent infliction of emotional distress conflicts with the applicable Congressional pronouncement governing the liability of employers for emotional distress sustained by employees due to asbestos exposure. Although this case was brought under the Jones Act, the rights and liabilities arising under the Jones Act parallel those of FELA. Further, the Supreme Court's interpretation of FELA is equally applicable to the Jones Act. Gautreaux v. Scurlock Marine, Inc. 107 F.3d 331 (La.App. 5th Cir. 1997).
The United States Supreme Court in Buckley held that under the provisions of FELA, a worker who is exposed to asbestos can not recover for negligent infliction of emotional distress unless, and until, he manifests symptoms of disease. The court held that FELA requires some "physical impact," and that exposure to a substance that has a likelihood to cause a future risk of disease does not amount to an injury under the federal law.
Plaintiffs are correct in asserting that Louisiana law does not specifically require such a physical impact for recovery of negligent infliction of emotional distress. Rather, Louisiana law provides a cause of action in certain limited circumstances for negligent infliction of emotional distress. See, Moresi v. Dept. of Wildlife & Fisheries, 567 So.2d at 1096 and cases cited therein.
However, the provisions of the Louisiana law, to the extent recovery for emotional distress is granted absent any form of physical impact, are in direct conflict with the applicable federal legislation and the jurisprudential interpretation thereof. Under these circumstances, Louisiana law can not serve as a supplement to the federal maritime law, and the federal maritime law is controlling. As federal law clearly provides no cause of action for negligent infliction of emotional distress absent physical manifestation of disease, we find no error of the trial court in granting defendant's exception as to this issue.
Plaintiffs contend that Buckley is distinguishable because the plaintiff in that case was given the opportunity to testify as to the severity of his emotional distress, and the plaintiffs in this case had no such opportunity. However, following Buckley, there is no dispute that federal law limits emotional distress recovery to situations where there is evidence of physical symptoms or disease. Plaintiffs in their petition admit that their allegations do not include claims for injuries arising from physically manifested asbestosrelated disease. Thus, regardless of how severe plaintiffs' emotional distress may be, absent physical manifestations, there can be no recovery under federal maritime law. We find no error of the trial court in granting defendant's exception as to this claim.

Future Medical Expenses/Medical Monitoring
The next issue presented for our review is whether plaintiffs' petition states a cause of action for future medical expenses based on their exposure to asbestos.
In the present case, plaintiffs stated a claim in their petition for future medical expenses for the screening and/or monitoring of plaintiffs for asbestos-related disease. Plaintiffs argue that although the Supreme Court in Buckley reversed a judgment in favor of plaintiff for such damages, the Court did not explicitly rule that such damages *1011 were not recoverable under the federal law. Further, plaintiffs argue that as there is no federal law prohibiting these damages, the courts may look to common law. The Louisiana Supreme Court has recently rendered a decision which holds that the reasonable cost of medical monitoring is a compensable item of damages under La. C.C. art. 2315, provided plaintiff satisfies certain enumerated criteria. Bourgeois v. A. P. Green Industries, Inc., 97-3188 (La.7/8/98), 716 So.2d 355. Plaintiffs allege that they are entitled to a trial to determine whether they meet the requirements for recovery set forth in the Bourgeois case, and thus the trial court erred in granting the defendant's exception.
In Buckley, plaintiff sought recovery for the economic cost of the extra medical checkups that he expected to incur as a result of his exposure to asbestos-laden insulation dust. The District Court did not discuss this aspect of Buckley's case. The Second Circuit, when reversing the District Court, held that "a reasonable jury could award" Buckley the "costs" of "medical monitoring," and thus awarded plaintiff a lump-sum damage award for his future medical expenses. 79 F.3d. at 1347. The Supreme Court reversed the Second Circuit, refusing to endorse the separate, full-blown, traditional tort law cause of action for lump-sum damages adopted by the Second Circuit. However, the Supreme Court did not hold that all types of medical monitoring costs are unavailable under federal law. Rather, the Court stated as follows:
... [W]e do not find sufficient support in the common law for the unqualified rule of lump-sum, damages recovery that is, as least arguably, before us here. And given the mix of competing general policy considerations, plaintiff's policy-based arguments do not convince us that the FELA contains a tort liability rule of that unqualified kind.
This limited conclusion disposes of the matter before us. We need not, and do not express any view here about the extent to which the FELA might, or might not, accommodate medical cost recovery rules more finely tailored than the one we have considered.

Buckley, 117 S.Ct. at 2123.
The Supreme Court then remanded the case for further proceedings consistent with its opinion.
Plaintiffs concede that the Supreme Court found that there could be no lump sum recovery for the costs of future medical monitoring. However, plaintiffs argue that the Supreme Court did not address, and specifically left open, the question of whether FELA would support a claim for medical monitoring in a form other than a lump sum award of costs of future examinations.
Plaintiffs contend that because there is nothing in the text of the federal legislation or in the federal jurisprudence that precludes a claim for the cost of future medical screening, state law may be apply as a supplement to federal law. Plaintiffs rely on the recent Louisiana Supreme Court decision of Bourgeois v. A.P. Green Industries, Inc., 97-3188 (La.7/8/98), 716 So.2d 355, which held that the reasonable cost of medical monitoring is a compensable item of damages under Civil Code article 2315. The Court in Bougeois set forth a list of criteria for recovery of this type of damages. However, the court stated that this cause of action was available regardless of whether plaintiff exhibited physical symptoms of disease. Bourgeois, 716 So.2d at 360-361.
Thus, we must address whether there is some federal impediment to the application of state substantive law in this federal maritime claim for the costs of future medical monitoring.
In reaching our conclusion, we have carefully reviewed the language of the Buckley case and the cases cited therein. We find that the holding of the Supreme Court in Buckley speaks directly to a cause of action for a lump-sum award for medical monitoring. We are unable to conclude that the holding precludes a claim under FELA for all types of medical monitoring claims. In fact, in rendering its decision, the Supreme Court was careful to point out that its holding did not include the extent to which the federal legislation may accommodate medical cost recovery rules more finely tailored than the one considered therein. Buckley, 117 S.Ct. at 2123.
*1012 In addition, we find that the Louisiana jurisprudence which permits a cause of action for medical monitoring does not directly conflict with the holding in Buckley on this issue. Although the Court in Buckley held there is no full-blown tort recovery for a lump-sum award of future medical costs, the state law does not endorse such a claim either. Thus, we find no federal impediment to the application of Louisiana law contained either in the text of the Jones Act legislation or a clearly applicable rule in the general maritime law. There is no prohibition in the general maritime law against such a cause of action and the need for uniformity in this maritime tort claim is minimal. Under these circumstances, the federal jurisprudence authorizes application of state law as a supplement to the general maritime law.
In summary, we conclude that there is no applicable contrary federal legislation that would prevent the application of the tort claim recognized under Louisiana law. The Louisiana law may be applied as a supplement to the general maritime law, except to any claim for lump-sum damages.
Under the circumstances presented here, we conclude that the trial court erred in granting defendant's exception of no cause of action on plaintiffs' medical monitoring claim. Defendant failed to meet its burden to prove that plaintiffs can prove no set of facts which would entitle them to relief. We are unable to find as a matter of law that plaintiffs have no cause of action under any legal theory of recovery.

Conclusion
Accordingly, for the reasons assigned herein, the judgment of the trial court is affirmed insofar as it grants defendant's exception of no cause of action as to plaintiffs' claim for damages for emotional distress. However, the judgment of the trial court is reversed insofar as it grants defendant's exception as to plaintiffs' claims for future expenses for medical monitoring or screening. We remand the case for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.